IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2005 JUN -6 A 9: 58

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| GEORGE BRUMMITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | CASE NO: 2: 05CV537-F |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, TRANS UNION, | ) | |
| LLC,  EXPERIAN INFORMATION | ) | |
| SOLUTIONS LLC & GREENPOINT | ) | |
| CREDIT, LLC, a/d/b/a GREENPOINT | ) | |
| CREDIT CORP. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, George Brummitt, by and through the undersigned attorneys,  brings this action against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, LLC ("Experian") Trans Union, LLC ("Trans Union") and GreenPoint Credit LLC., a/d/b/a GreenPoint Credit Corp. ("GreenPoint") on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and claims under Alabama law.  Plaintiff seeks actual damages, punitive damages, costs and attorneys fees.

2.     Plaintiff is a natural person and consumer, a resident and a citizen of Barbour County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

3.     Defendant GreenPoint Credit, LLC a/d/b/a GreenPoint Credit Corp is a corporation doing business in Alabama and incorporated under the laws of Delaware. On information and belief, user's principal place of business is in Novato, California.

4.     GreenPoint is a furnisher of information as defined in 15 U.S.C § 1681s-2 of the FCRA and/or a user of consumer credit reports.

5.     Defendant Equifax is a corporation incorporated under the laws of Georgia. It has its principal place of business in Georgia. It is licensed to do business in Alabama.

6.     Equifax is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

7.     Equifax dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

8.     The Defendant, Experian is a corporation incorporated under the laws of Ohio. It has its principal place of business in California. It is licensed to do business in Alabama.

9.     Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in §

1681a(d) of the FCRA, to third parties.

10.    Experian dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

11.    Defendant Trans Union is a corporation incorporated under the laws of Illinois. It has its principal place of business in Illinois.  It is licensed to do business in Alabama.

12.    Trans Union is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

13.    Trans Union dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

## JURISDICTION AND VENUE

14.    This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection FCRA of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

15.    Venue is proper in the Middle District of Alabama pursuant to FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

16.    After the denial of credit, Plaintiff ordered his consumer report from Equifax,

Trans Union and Experian and after examining the same, Plaintiff learned that Defendants were reporting false information about him.

17.    Adverse information contained in the consumer credit reports by the Defendants stated and implied that Plaintiff had been late numerous times on his GreenPoint Credit accounts.

18.    Plaintiff advised Equifax, Trans Union and Experian on or about October, 2004 of the inaccurate reporting of the GreenPoint accounts, stating that he had not been late and requested a reinvestigation of the same.

19.    Defendant Equifax, Trans Union and Experian  reported the results of their reinvestigation by verifying that the account was being reported correctly.  Defendants did not perform a proper investigation and have continued to report the inaccurate information on the ChoicePoint accounts by reporting the accounts as late.

20.    The Plaintiff has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of the Defendants publication of the adverse credit information.

21.    The Defendants have repeatedly attributed adverse credit information to the Plaintiff that does not belong to him.

22.    Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the Defendants.

23.    The presence of this inaccurate GreenPoint trade-line on his credit report adversely affects his good name and creditworthiness.

24.     Defendants have published very low credit scores about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

25.     Defendants have published false adverse action codes about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

26.     Defendants are a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681a.

27.     Defendants prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding the Plaintiff, as defined in the FCRA 15 U.S.C. 1681a.

28.     Defendants maintain a contract with smaller affiliate bureaus, legal and contractual agents, wherein they share data and other assets.

29.     Defendants allow their credit reporting database, which takes in, warehouses, maintains and manipulates data supplied by their subscribers, to be accessed by their affiliate bureaus and subscribers.

30.     Defendants and their affiliate bureaus and subscribers have access to consumer credit reports, prepared by Defendants, from the same data pool, in the same database, and Defendants have duties to each consumer, including Plaintiff, about whom they report, as provided for in the FCRA.

31.     Defendants have repeatedly supplied false consumer reports to its subscribers and attributed said data to the Plaintiff.

32.     Plaintiff advised Defendants, directly, of the inaccurate data and demanded that the data be removed from its consumer reports and files of and concerning Plaintiff.

33.    Defendants failed to properly reinvestigate Plaintiff's disputes and Defendants continued to prepare and issue false consumer reports.

34.    Defendants misrepresented information to Plaintiff and further concealed information from Plaintiff.

35.    Defendants chose to continue to prepare and publish false consumer credit reports about Plaintiff.

36.    Defendants took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

37.    Likewise, Defendants failed to take necessary and reasonable steps to prevent further inaccuracies from entering Plaintiff's credit data file and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Defendants and relayed for further use, reliance and publication by their subscribers.

38.    Defendants failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

39.    Defendants failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the FCRA.

40.    Defendants have continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the Plaintiff that such information was inaccurate.

41.    Defendants through their fault, as described herein, caused great and irreparable injury to Plaintiff herein.

42.    Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or for willful violations of the provisions under the FCRA.

43.    Further, by violating the FCRA and using unreasonable procedures for data accuracy and integrity, Defendants likewise breached their contractual duties.

44.    As a result of the misleading and inaccurate information reported by Defendant GreenPoint, the Plaintiff has suffered sustained actual damages including, financial damages, credit denials, and emotional distress.

45.    GreenPoint's conduct, action and inaction, was wilful.

46.    GreenPoint's conduct, action and inaction, was negligent.

47.    GreenPoint's published the account representations to the credit reporting agencies and through Equifax, Experian and Trans Union, to all of Plaintiff's potential lenders.

48.    GreenPoint did not have any reasonable basis to believe that the Plaintiff was late on the account as reported in his credit file.

49.    GreenPoint willfully determined to follow procedures which it did not review, confirm or verify regarding the status of the account

50.    The Defendants wrongful conduct has caused the Plaintiff severed emotional distress.

51.    The Defendants conduct was clearly extreme and outrageous and would shock a reasonable person's conscience.

## COUNT ONE
*Failure to comply with 15 U.S.C. § 1681s-2 of the*
*Fair Credit Reporting Act by Defendant GreenPoint*

52.    This is a count against Defendant GreenPoint for its willful and/or negligent violations of 15 U.S.C. § 1681s-2(b) of the FCRA.

53.    Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

54.    GreenPoint was required under 15 U.S.C § 1681s-2(b), to respond to the request for reinvestigation by the Plaintiff by completing a diligent inquiry into the facts underlying the trade-lines and providing accurate information to the credit reporting agencies regarding those trade-lines.

55.    GreenPoint's reinvestigation included the following duties and was required to meet the following standards:

      a.    To include a review of all information provided to it by the credit reporting agency;

      b.    To be conducted in good faith;

c.     To be conducted in such a fashion as to assure the maximum possible accuracy of the Plaintiff's consumer credit report;

d.     To be conducted in such a way as to not violate any of the general prerequisites for GreenPoint's conduct under 15 U.S.C § 1681s-2(a) or any other statutory requirement for furnishers of credit information;

e.     To be conducted in a reasonable fashion; and

f.     To be conducted based on a review of all information reasonably available to GreenPoint.

56.     Following the reinvestigation, GreenPoint reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

57.     Following the reinvestigation, GreenPoint reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) an the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

58.     Following the reinvestigation and dispatch of notice to GreenPoint, GreenPoint reported credit information that was in fact not accurate, and in violation of the FCRA, 15 U.S.C. § 1681s-2(b) an the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

59.     Following the reinvestigation and dispatch of notice to GreenPoint, GreenPoint

failed to notify the consumer reporting agencies to whom it reported credit information that

the debts were disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) an the general

duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

60.    GreenPoint's reinvestigation was not conducted in good faith.

61.    GreenPoint's reinvestigation was not conducted in such a way as to insure the

maximum possible accuracy of the Plaintiff's consumer report.

62.    GreenPoint's reinvestigation was not conducted reasonably.

63.    GreenPoint's reinvestigation was not conducted using all information

reasonably available to GreenPoint.

64.    GreenPoint's reinvestigation was *per se* deficient by reason of these failures

of GreenPoint's in its reinvestigation of the trade-line on the Plaintiff's consumer credit

report.

65.    GreenPoint's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b)

constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiff

to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

### COUNT TWO
*Failure to comply with 15 U.S.C. § 1681e(b), 1681i(a) and 1681i(a)(5) of the*
*Fair Credit Reporting Act and State Laws by Defendants.*

66.    This is a count against Defendants Equifax, Experian and Trans Union for the

willful and negligent violations of 15 U.S.C. § 1681e(b), 1681i(a) and 1681i(a)(5) of the

FCRA and state law.

67.    Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if

fully set out herein.

68.    Defendants willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in consumer credit reports.

69.    Defendants willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer credit report.

70.    The trade-lines contained within the Plaintiff's credit reports as published by Defendants rendered that particular credit report inaccurate.

71.    Following receipt of the credit report, the Plaintiff requested that Defendants reinvestigate the inaccurate account trade-lines.

72.    As part of the reinvestigation, Defendants was required to notify the furnisher GreenPoint, of the allegedly inaccurate trade-line of the dispute in a notice.

73.    That notice was required to include all relevant information regarding the dispute that the agency has received from the consumer.

74.    As part of the reinvestigation, Defendants were required to consider and give due weight to all relevant information submitted by the Plaintiff.

75.    Defendants negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

75.    In response to the request for reinvestigation, Defendants did not perform a reinvestigation, and refused to remove the inaccurate information in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

76.    Defendants have maintained the inaccurate trade-lines of the GreenPoint account on the Plaintiff's credit reports.

77.    Defendants has negligently and/or willfully failed to conduct a proper reinvestigation of the trade-lines in violation of the of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

78.    The Plaintiff suffered damages as a result of this violation of the FCRA.

79.    Defendants's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to actual damages, statutory damages, punitive damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

## COUNT THREE
*Defamation*

80.    The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

81.    Between at least the year 2000, when the account was opened, through the present, Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that Plaintiff was delinquent in paying on his account.

82.    Defendants published this information both orally and in writing.

83.    Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified them that the account was paid on time.

84.    Plaintiff continued to notify Defendants by letters and/or telephone that the late

charges on the account were not valid.

85.    The written publications by Defendants constitute liable per se. The verbal publications constitute slander per se.

86.    Despite Plaintiff's notice, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not his. Moreover, Defendant GreenPoint acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed account was that of the Plaintiff. Defendants' acts constitute express or actual malice.

87.    Defendants have defamed the Plaintiff by publishing misleading and/or inaccurate information to third parties regarding his creditworthiness.

88.    As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish, loss of reputation, loss of the ability to obtain credit, mental anguish, and suffering, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and to the total disregard of Plaintiff's rights.

## COUNT FOUR
Equitable Accounting

89.    The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

90.    A dispute exists between Plaintiff and Defendant regarding the payments made on the GreenPoint credit account.

91.    The Plaintiff contends that he has never been late on a payment made to the GreenPoint account.

**WHEREFORE**, the Plaintiff demand that an Order be entered:

a.    Directing Defendant to account to Plaintiff for all payments received by it;

b.    Granting such other and further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

92.    Plaintiff prays that the Court grant the following relief in favor of the Plaintiff and against the Defendants on all counts:

a.    For Actual Damages;

b.    For Compensatory Damages;

c.    For Statutory Damages;

d.    For Punitive Damages;

e.    For Attorneys' fees and costs incurred in this action; and

f.    For such other and further relief as the Court may deem just and equitable.

**RESPECTFULLY SUBMITTED,**

**DATED** this the _20th_ day of _May_ , 2005.

_____

JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD (UNDEE6591)


Law Offices of Earl P. Underwood, Jr.
21 South Section Street
PO Box 969
Fairhope Alabama 36533
(251) 990-5558
(251) 990-0626 (Fax)


_____

JIM S. CALTON, JR.


Calton & Calton
226 East Broad Street
Eufaula, AL 36027
(334) 687-3563
(334) 687-3564


    PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN
THIS CASE.

_____

James D. Patterson

**Please serve this complaint by certified mail.**

and against the Defendants on all counts:

      a.     For Actual Damages;

      b.     For Compensatory Damages;

      c.     For Statutory Damages;

      d.     For Punitive Damages;

      e.     For Attorneys' fees and costs incurred in this action; and

      f.     For such other and further relief as the Court may deem just and equitable.

**RESPECTFULLY SUBMITTED,**

**DATED** this the _____ day of _____, 2005.


JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD (UNDEE6591)

**Law Offices of Earl P. Underwood, Jr.**
**21 South Section Street**
**PO Box 969**
**Fairhope Alabama 36533**
**(251) 990-5558**
**(251) 990-0626 (Fax)**

15