IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGE BRUMMITT,                    )
                                    )
    Plaintiff,                  )
                                    )
v.                                  )       CASE NO. 2:05-CV-537-F
                                    )         (WO)
EQUIFAX INFORMATION SERVICES,       )
LLC, et. al.,                       )
                                    )
    Defendants.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Defendant GreenPoint Credit LLC ("GreenPoint") filed on  July 15, 2005, a *Motion to Compel Arbitration* (Doc. 16) in  this action for damages under the Fair Credit Reporting Act ("FCRA").  Notwithstanding the lack of opposition, in recommending that the motion be granted, the Magistrate Judge deems it prudent to document its merit.[1]

## I.  BACKGROUND

The Complaint by George Brummitt ("Brummitt") also designates as defendants Equifax Information Services, LLC, Trans Union, LLC, and Experian Information Solutions, LLC. (collectively referenced  as "Consumer Reporting Agencies").  Brummitt seeks an equitable accounting (Count Four) along with actual and punitive damages, attorney fees and costs, for alleged FCRA violations (Counts One and Two) and defamation (Count Three).

 GreenPoint – described in the complaint as a "furnisher of information as defined in 15 U.S.C. 1681 s-1 of the FRCA and/or a user of consumer credit reports –  sold to Brummitt on September 28, 2000, a manufactured home identified as a 2000 Palm Harbor Homes Model 234B. Greenpoint's pending motion is grounded on the contract voluntarily signed by Brummitt to govern

---

[1]By ORDER filed July 19, 2005, the court set  August 12, 2005 as Plaintiff's deadline to file any opposition and August 22 for any reply by the movant.  (Doc. 17).

the sale*: Retail Installment Contract, Security Agreement, Waiver of Trial by Jury and Agreement to Arbitration or Reference or Trial by Judge Alone* (the "Contract").  Attached to the motion (*Ex. A*), the contract contains an arbitration clause which provides, in pertinent part:

**ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL:**

**a. Dispute Resolution.** Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointee by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. **YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.**

(*emphasis in original*)

GreenPoint submitted reports concerning Brummitt's account to credit bureaus, including the defendant Consumer Reporting Agencies, from November of 2000 to October of 2004. Brummitt asserts that GreenPoint incorrectly reported that he had made late payments on his account on numerous occasions;  consequently, he alleges that these reports adversely affected his ability to obtain credit and damaged his reputation and creditworthiness.  He attributes negligence to GreenPoint for reporting false and misleading information and complains that the Consumer Reporting Agencies neglected to investigate the reports upon his notice of their inaccuracy.

## II.  STANDARD OF REVIEW

Pursuant to the Federal Arbitration Act ["FAA"], a written arbitration "provision in any . . . contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
9 U.S.C. § 2 (1991). The effect of Section 2 is "to create a body of federal substantive law of
arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H.
Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Section 3 provides for the stay
of proceedings in federal district courts when an issue in the proceedings is referable to arbitration.
Section 4 provides for orders compelling arbitration when one party has failed, neglected, or refused
to comply with an arbitration agreement. *Boyd v. Town of Hayneville, Ala.,* 144 F. Supp. 2d 1272,
1275 (M.D. Ala. 2001).

Deciding the propriety of a motion to compel arbitration prompts a two-step inquiry
summarized in *Klay v. All Defendants, et al.*, 389 F. 3d 1191, 1200 (11th Cir. 2004): "[t]he first step
is to determine whether the parties agreed to arbitrate the dispute. . . . [t]he second step . . . involves
deciding whether "legal constraints external to the parties' agreement foreclosed arbitration."
(citations omitted). The court must examine the intent of the parties to determine which claims are
arbitrable, and in so doing, the court looks to the wording of the arbitration clause and gives all
provisions of the contract their full effect. *See Bullock v. United Benefit Life Ins. Co.*, 165 F. Supp.
2d 1259, 1261 (M.D. Ala. 2001).

The FAA establishes "'a federal policy favoring arbitration.'" *Shearson/American Exp., Inc.
v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24).
Indeed, "any doubts concerning the scope of arbitrable issues should be resolved in favor of
arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Therefore, courts must rigorously
enforce agreements to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985).

### III.   DISCUSSION

It is undisputed that Brummitt signed the contract with its prominently displayed arbitration
provision. The agreement to arbitrate is broadly worded sufficiently to encompass his asserted

claims premised on GreenPoint's report of allegedly false information to third parties regarding his payments under this contract.  Arbitration is mandated for "[a]ny controversy or claim . . . arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort."  Thus, this court readily concludes that  GreenPoint's *Motion to Compel Arbitration* is due to be GRANTED.  *See AT & T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 651 (1986) ("[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate a particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute").

GreenPoint's motion to stay these proceedings pending arbitration is similarly meritorious, *see* 9 U.S.C. § 3, and the stay should extend to Brummitt's claims against the Consumer Reporting Agencies.[2]  It appears likely that the outcome of arbitration proceedings may have significant bearing on the nonarbitrable claims. An arbitrator's finding on the claim of negligence against GreenPoint indisputably will influence the resolution of Brummitt's interrelated claims against the Consumer Reporting Agencies.  Thus,  the interests of all parties coincide with the interests of judicial efficiency in staying all claims pending the arbitration required by the contract between Brummitt and GreenPoint.

---

[2]When confronted with litigants advancing both arbitrable and nonarbitrable claims,... courts have discretion to stay nonarbitrable claims.  When it is feasible to proceed with litigation on the nonarbitrable claims, courts generally do not issue a stay as to those claims. However, when the arbitration is likely to have an impact on the nonarbitrable claims, a court may choose to stay all proceedings, pending the outcome of arbitration. Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision.

*Klay v. All Defendants,* 389 F.3d at1204 (internal citations omitted)

## IV. CONCLUSION

Accordingly, it is the **RECOMMENDATION of the Magistrate Judge** that Defendant GreenPoint's uncontested *Motion to Compel Arbitration* (Doc. 16) be GRANTED to the extent of the requests not only for ARBITRATION but also for a STAY of all proceedings on all claims asserted against all Defendants pending the outcome of arbitration. It is further **ORDERED that the parties file any objections to this Recommendation on or before October 18, 2005.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this the 4TH day of October, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE